1  Benjamin N. Gluck - State Bar No. 203997
     bgluck@birdmarella.com
2  Nicole R. Van Dyk - State Bar No. 261646
     nvandyk@birdmarella.com
3  Naomi S. Solomon - State Bar No. 321357
     nsolomon@birdmarella.com
4  Ashley D. Bowman - State Bar No. 286099
     abowman@birdmarella.com
5  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
6  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
7  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
8
   Attorneys for Movant Dr. Linda R.
9

10                **UNITED STATES DISTRICT COURT**

11       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  IN RE SEARCH AND SEIZURE OF          CASE NO. 2:21-cv-03554
    BOX NO. 8309 AT U.S. PRIVATE
14  VAULTS                               **DECLARATION OF BENJAMIN N.
                                         GLUCK IN SUPPORT OF FIRST
15                                       AMENDED COMPLAINT
               Plaintiff,                (MOTION) FOR RELIEF UNDER
16                                       FED. R. CRIM. PRO. 41;
                                         REQUESTING MISSING
17  UNITED STATES OF AMERICA,            PROPERTY AND INVENTORY
                                         AND RECORDS**
18             Defendant,
                                         Assigned to Hon. R. Gary Klausner
19

20

21

22

23

24

25

26

27

28

3719343.1

## DECLARATION OF BENJAMIN N. GLUCK

I, Benjamin N. Gluck, declare as follows:

1.      I am an active member of the Bar of the State of California and a Principal with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, A Professional Corporation, attorneys of record for Movant Dr. Linda R. in this action.  I make this declaration in support of Movant's First Amended Complaint (Motion) For Relief Under Rule 41(g); Requesting Missing Property And Inventory And Records.  Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2.      After the filing of the initial Complaint in this matter, on May 3, 2021, AUSA Andrew Brown sent me two video files reflecting the "video inventory" of Dr. R.'s safe deposit box, and claimed that the video proved Dr. R. received all of her property.

3.      I reviewed the inventory on May 3, 2021, the same day that Mr. Brown sent it.  It is wholly insufficient to serve as an inventory because it never purports to display or record all of the items in Dr. R.'s box, much less document specific quantities or types.  Given the chaotic manner in which the box was opened and emptied, I am not surprised that items appear to be missing.  The video not only confirms that the Government failed to create a proper inventory, it also confirms that the Government continued "inspecting" the contents of the box long *after* they had identified Dr. R. as the box owner.

4.      Immediately after reviewing the video, I emailed Mr. Brown and told him that the video could not resolve Dr. R.'s concerns.  I also asked for any remaining inventory or chain-of-custody information.  Mr. Brown never responded.

5.      All of the photographs reproduced below are true and accurate screenshots from two video files (00055.MTS and 00056.MTS) made available to my firm for download on May 3, 2021, by Mr. Brown.  I have redacted some

portions of the screenshots to obscure Dr. R.'s private documents and I have added some red arrows to point out specific details.

6.     The video shows that agents removed the front door to box 8309 (Dr. R.'s box) and then removed the plastic bin that was inside.  An envelope was taped to the top of the bin:



DECLARATION OF BENJAMIN N. GLUCK

7.     The video shows that the agent unseals the envelope shown in the preceding paragraph and removes a "U.S. Private Vaults Executor/Conservator Notification Letter" addressed to a relative of Linda R., including his telephone number and email address, informing the relative that Linda R. owns the contents of box 8309.  (I have redacted this information to protect the relative's privacy.)



4

DECLARATION OF BENJAMIN N. GLUCK

8.     The video shows that the agent displayed to the camera the signature block of the letter, which contains Dr. R.'s signed complete name, and her contact information, including telephone number and email address.  (I have redacted this information to protect Dr. R.'s privacy.)



9.     The video shows that also included in the envelope taped to the outside of the interior bin was a copy of Dr. R.'s California Driver's License.  (I have redacted Dr. R.'s personal information to protect her privacy.)



10.     The agent then places the interior plastic bin on a folding chair:



11.    The agent opens the interior plastic bin to reveal sealed envelopes:



DECLARATION OF BENJAMIN N. GLUCK

12.    The agent begins tearing open the sealed envelopes:



13.     The agent removes papers from the sealed envelope and displays them to the video camera to be photographed.  (I have redacted the contents of the document to protect Dr. R.'s privacy.)



DECLARATION OF BENJAMIN N. GLUCK

14.     The agents photograph both sides of all documents found in the sealed envelope.  (I have redacted the contents of the documents to protect Dr. R.'s privacy.)



15.     The agents continue showing documents removed from the sealed envelope.  (I have redacted the contents to protect Dr. R.'s privacy.)



16.     The agent then begins to tear open sealed envelopes that appear to contain coins.  He holds them open towards the camera but does not ensure that their type or quantity are ever visible to the camera:



DECLARATION OF BENJAMIN N. GLUCK

17.     The video shows that the agent then hands the open envelope (highlighted by a red arrow I added) to an agent who cannot be seen by the camera:



18.    The video shows the agent then tears open another sealed envelope:



19.     As the agent opens this previously sealed envelope, he drops at least one item, which I have highlighted with a red arrow, and which is shown falling to the floor:



20. The agent displays the now unsealed envelope towards the camera, but it is impossible to determine the type or quantity of coins it contains:



17

DECLARATION OF BENJAMIN N. GLUCK

21.     The agent then looks for the dropped item(s):



22.   The agent tears open more envelopes:



23.     The agent photographs more documents that were in the sealed envelope.  (I have redacted this information to protect Dr. R.'s privacy.)



1          24.      The agents open letter-sized envelopes that clearly contain only

2  documents:



1    25.    The agents photograph the documents they removed from the envelope.

2  (I have redacted this information to protect Dr. R.'s privacy.)

3

4

5

6

7

8

9

10



11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26.     The agents photograph Post-It notes.  (I have redacted this information to protect Dr. R.'s privacy.)



1       27.    The agents open a sealed envelope and remove and display what

2  appears to be a tube of coins; but they never display it any closer than as seen in the

3  screenshot – where it is impossible to know what the tube contains:



28.     The agent then tilts the now unsealed opening of the bag towards the camera but never actually allows the camera to see inside.  Other than the tube of unidentified coins shown in the previous screenshot, the video contains no other record of what else is in the bag the agent is holding:



25

DECLARATION OF BENJAMIN N. GLUCK

29.     The agent then hands the now-unsealed bag (indicated by the red arrow) to another agent who cannot be seen by the camera:



DECLARATION OF BENJAMIN N. GLUCK

30.     The agent removes a small cardboard box, opens the lid, and displays the box for the camera, revealing white wrapped cylinders.  The agent does not display the contents in a manner that makes it possible to determine what the items are and does not display at all anything under the top layer of the small box's contents before replacing the cover and handing the small box off camera:



1    31.    After repeating this process with numerous envelopes and containers of

2  coins and documents, the agents place Dr. R.'s possessions in a line of plastic bags

3  arranged on the floor.  The camera's view of what they are doing is almost entirely

4  obscured.

5



6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF BENJAMIN N. GLUCK

32.     The agents then show a series of plastic bags towards the camera.  They are open on top, except for a paper sticker that closes the middle of the bag.  In the screenshot below, the tubes holding coins can easily fit through the open part of the bag.  Moreover, there is no way to know how many tubes are in the bag.



33.     I reviewed the entirety of the video.  The examples described above are similar to the rest of the video.  Specifically, the Government never makes a clear video record of the specific type or amount of valuables in box 8309 and the contents of box 8309 are repeatedly outside the camera's view.  On the other hand, the Government appears to make careful images of all documents found in the box.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on May 17, 2021, at Los Angeles, California.

Benjamin N. Gluck