TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
     1100/1400/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102/2569/1785
     Facsimile: (213) 894-6269/0142/0141
     E-mail:  Andrew.Brown@usdoj.gov
            Victor.Rodgers@usdoj.gov
            Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SEARCH AND SEIZURE OF BOX NO. 8309 AT U.S. PRIVATE VAULTS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:21-cv-03554-RGK-MAR <br><br> **DEFENDANT UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF AUSA MAXWELL COLL AND SA LYNNE ZELLHART; [PROPOSED] ORDER GRANTING MOTION LODGED UNDER SEPARATE COVER** <br><br> Date:    August 16, 2021 <br> Time:    9:00 a.m. <br> Courtroom: 850, the Honorable <br>          R. Gary Klausner |

# TABLE OF CONTENTS

DESCRIPTION                                                                      PAGE

I.    INTRODUCTION ...................................................... **Error! Bookmark not defined.**

II.   STATEMENT OF FACTS ............................................................................. 1

III.  ARGUMENT ................................................................................................ 3

    A.    The Standards For Motions to Dismiss Under Fed. R. Civ. P. 12 For Lack of Subject Matter Jurisdiction
And Failure to State a Claim Upon Which Relief Can
Be Granted ........................................................................................... 3

    B.    Plaintiff's FAC Seeks To Invoke The Equitable Jurisdiction Of This Court ..........**Error! Bookmark not defined.**

    C.    The FAC Fails to State a Claim Upon Which Relief Can Be Granted Because It Seeks the Return of Property the Government Allegedly Lost, and Sovereign Immunity Bars The Award of Monetary Damages Under Rule 41(g) ............................ 6

    D.    Plaintiff Cannot Discharge Her Burden Of Showing Equitable (And Therefore Subject Matter) Jurisdiction Exists Because The FBI Claims Process Provides Plaintiff With An Adequate Remedy At Law And Divests The Court Of Jurisdiction To Hear This Case. ....................................................................... 9

    E.    Movant Has Not Discharged Her Burden Of Showing That She Should Be Allowed To Litigate This Case Using A Pseudonym. ..................................... 10

        1. The Prejudice to the Government. ....................................................... 11

        2.  The Public's Interest .......................................................................... 13

        3.  Plaintiff's Need For Anonymity .......................................................... 13

          a.  Severity Of The Threatened Injury And Reasonableness Of Plaintiff's Fear. ...... 13

          b.  Plaintiff's vulnerability to retaliation. ....................................................... 14

IV.   CONCLUSION ............................................................ **Error! Bookmark not defined.**6

V.    DECLARATION OF AUSA MAXWELL COLL .................... **Error! Bookmark not defined.**

VI.   DECLARATION OF SPECIAL AGENT LYNNE ZELLHART ............. **Error! Bookmark not defined.**8

# <u>TABLE OF AUTHORITIES</u>

<u>DESCRIPTION</u>                                                                                                          <u>PAGE</u>

<u>Federal Cases</u>

<u>A.G. v. Unum Life Ins. Co. of America</u>,
   2018 WL 903463 (D. Or. Feb. 14, 2018)........................................................... 11

<u>Adeleke v. United States</u>,
   355 F.3d 144 (2d Cir. 2004).......................................................................... 7

<u>Arford v. United States</u>,
   934 F.2d 229 (9th Cir. 1991) ......................................................................... 6

<u>Bailey v. United States</u>,
   508 F.3d 736 (5th Cir. 2007) ......................................................................... 7

<u>Baker v. United States</u>,
   817 F.2d 560 (9th Cir. 1987) ......................................................................... 6

<u>Bell Atlantic Corp. v. Twombly</u>,
   550 U.S. 544 (2007).................................................................................... 4

<u>Bender v. Williamsport Area School Dist.</u>,
   475 U.S. 534 (1986).................................................................................... 3

<u>Billingsley v. C.I.R.</u>,
   868 F.2d 1081 (9th Cir. 1989) ...................................................................... 3

<u>Blair v. IRS</u>,
   304 F.3d 861 (9th Cir. 2002) ......................................................................... 9

<u>Caltex Plastics, Inc. v. Lockheed Martin Corp.</u>,
   824 F.3d 1156 (9th Cir. 2016) ...................................................................... 4

<u>Daimler Chrysler Corp. v. Cuno</u>,
   547 U.S. 332 (2006).................................................................................... 3

<u>Diaz v. United States</u>,
   517 F.3d 608 (2d Cir. 2008).......................................................................... 7

<u>Doe v. John F. Kennedy Univ.</u>,
   2013 WL 4565061 (N.D. Cal. Aug. 27, 2013) ............................................... 12

<u>Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate</u>,
   596 F.3d 1036 (9th Cir. 2010) ........................................................... 11, 13, 14

## TABLE OF AUTHORITIES (CONTINUED)

DESCRIPTION                                                                                          PAGE

Gillespie v. Civiletti,
    629 F.2d 637 (9th Cir. 1980) ...................................................................................... 9

Hoskins v. Craig,
    No. CIV. 11-296-GPM, 2013 WL 675734 (S.D. Ill. Feb. 25, 2013)................................. 10

Jachetta v. United States,
    653 F.3d 898 (9th Cir. 2011) ...................................................................................... 6

Jessica K. v. Eureka City Schools Dist.,
    2014 WL 689029 (N.D. Cal. Feb. 21, 2014) ............................................................... 12

Kahn v. United States, 09 Civ. 277 (JFK),
    2009 U.S. Dist. LEXIS 81744, at *3 (S.D.N.Y. Sept. 8, 2009) ......................................... 7

Lane v. Pena,
    518 U.S. 187 (1996).................................................................................................... 6

Massey v. Ojaniit,
    759 F.3d 343 (4th Cir. 2014) ...................................................................................... 4

Ordonez v. United States,
    680 F.3d 11350 (9th Cir. 2012............................................................................... 7, 8

Ramsden v. United States,
    2 F.3d 322 (9th Cir. 1993) ...................................................................................... 5, 9

Roberts v. Corrothers,
    812 F.2d 1173 (9th Cir. 1987) .................................................................................... 4

Safe Air for Everyone v. Meyer,
    373 F.3d 1035 (9th Cir. 2004) ................................................................................. 3, 4

Seismic Reservoir 2020, Inc. v. Paulsson,
    785 F.3d 330 (9th Cir. 2015) ...................................................................................... 4

Thornhill Pub. v. General Tel. and Electronics Corp.,
    594 F.2d 730 (9th Cir. 1979) ...................................................................................... 3

United States v. $8,850,
    461 U.S. 555 (1983)................................................................................................... 5

United States v. Eames,
    524 F. App'x 320 (9th Cir. 2013) ............................................................................ 7, 8

iii

# TABLE OF AUTHORITIES (CONTINUED)

DESCRIPTION                                                                    PAGE

United States v. Elias,
    921 F.2d 870 (9th Cir. 1990) ................................................... 5, 9

United States v. Ibrahim,
    522 F.3d 1003 (9th Cir. 2008) ..................................................... 5

United States v. Martinson,
    809 F.2d 1364 (9th Cir. 1987) ..................................................... 5

United States v. Mitchell,
    463 U.S. 206 (1983) ................................................................... 6

United States v. Park Place Assocs., Ltd.,
    563 F.3d 907 (9th Cir. 2009) ....................................................... 6

United States v. Ritchie,
    342 F.3d 903 (9th Cir. 2003) .................................................... 5, 6

United States v. Stoterau,
    524 F.3d 988 (9th Cir. 2008) ......................................... 11, 13, 14

United States v. U.S. Currency, $83,170.78,
    851 F.2d 1231 (9th Cir. 1988) ........................................... 5, 9, 10

Von Saher v. Norton Simon Museum of Art at Pasadena,
    592 F.3d 954 (9th Cir. 2010) ....................................................... 4

Warren v. Fox Family Worldwide, Inc.,
    328 F.3d 1136 (9th Cir. 2003) ..................................................... 4

White v. Lee,
    227 F.3d 1214 (9th Cir. 2000) ..................................................... 3

XXIII v. Advanced Textile Corp.,
    214 F.3d 1058 (9th Cir. 2000) ......................................... 11, 13, 15

**Federal Statutes**

28 U.S.C. § 1346(b) ....................................................................... 8
28 U.S.C. § 2671 ........................................................................... 8
28 U.S.C. §§ 2672 ......................................................................... 9
31 U.S.C. § 3724 ...................................................................... 9, 10
31 U.S.C. § 3724(a) .................................................................. 3, 10

# TABLE OF AUTHORITIES (CONTINUED)

DESCRIPTION                                                                           PAGE

**Federal Rules**

Fed. R. Civ. P. 10(a) .................................................................................. 11
Fed. R. Civ. P. 12(b) ................................................................................... 5
Fed. R. CIV. P. 12(b)(1) ................................................................. 1, 0, 1, 3
Fed. R. Civ. P. 12(b)(6) ............................................................................... 4
Fed. R. Civ. P. 12(h)(3) ............................................................................... 3
Fed. R. Crim. P. 41(g) ....................................................................... passim

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 16, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable R. Gary Klausner, United States District Court, Courtroom 850, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, defendant United States of America ("the government") will and hereby does move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the First Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 9, 2021 (see Declaration of AUSA Maxwell Coll at ¶ 2), and is made on the grounds that there is no subject matter jurisdiction over this action and plaintiff's complaint fails to state a claim upon which relief can be granted.

This motion is based upon this notice of motion and motion; the attached memorandum of points and authorities and declarations of AUSA Maxwell Coll and SA Lynne Zellhart; the proposed order (lodged under separate cover); all pleadings and papers on file in this action; and such other and further matters as may be presented at any hearing on this Motion, and matters of which the Court may take notice.

Dated: July 14, 2021           Respectfully submitted,

> TRACY L. WILKISON
> Acting United States Attorney
> SCOTT M. GARRINGER
> Assistant United States Attorney
> Chief, Criminal Division
>
>
> _____/s/_____
> ANDREW BROWN
> VICTOR A. RODGERS
> MAXWELL COLL
> Assistant United States Attorneys
>
> Attorneys for Defendant
> UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendant United States of America (the "government") respectfully submits this memorandum of points and authorities in support of its motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the First Amended Complaint ("FAC") for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

*First*, the Court should dismiss the FAC because it improperly seeks the return of gold coins that, taking the allegations as true, the government does not possess. The FAC alleges that the government has "lost" $75,000.00 worth of gold coins and seeks an order that the government return this property. But the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g). Under black letter law, Plaintiff has chosen the wrong vehicle to obtain the relief she seeks, and the FAC should be dismissed on this basis alone.

*Second*, even if the Court does not dismiss the FAC because she improperly requests the return of property that she alleges the government has lost (which the Court should), the Court should still dismiss the FAC because the FBI claims process for lost or damaged property provides an adequate remedy at law and divests district courts of equitable jurisdiction to hear this case.

*Third*, Plaintiff has not established that her need for anonymity in prosecuting this case using a pseudonym outweighs the prejudice to the government and the public's interest in knowing the identity of all parties in this lawsuit.

## II.

## STATEMENT OF FACTS

There is no dispute that the government has already returned to Movant Dr. Linda R. ("Movant") property stored in her safe deposit box at U.S. Private Vaults ("USPV"). There also is no dispute the government has already produced to Movant both a property

1

receipt and video files related to federal agents' review of her box's contents.  According to the FAC, Movant prepared her own list of items that she believes were stored in her safe deposit box.  FAC at 12.  As alleged, Movant and her counsel referred to Movant's list of items when they counted the gold and silver coins returned to her by the FBI, with the agents' assistance.  Id.  Movant claims that forty gold coins are missing.  Id.

The government cooperated with Movant in attempt to resolve this dispute, including by producing the property receipt based on the inventory search of Movant's safe deposit box, and two related video files that show the FBI's review of the contents of her the safe deposit box.  Id. at 7.  Movant admits that the government provided the receipt for the property that includes a description of the items, and the video footage capturing in detail the property described in the receipt.  Id.  Movant also alleges that the government informed Movant that it had carefully reviewed the video footage, and that the video footage confirmed that what the FBI returned to Movant "was indeed all of her possessions that had been in Box 8309."  Id. at 13.  Movant then filed the FAC, adding allegations related to this discovery, and requesting the return of the allegedly missing property.

Specifically, Movant alleges that the government has lost "at least forty 1 oz. Gold American Eagle coins"; that these items are "missing"; that the government has "los[t] … tens of thousands of dollars worth of Dr. R's coins"; and that items were "misplaced, lost, or worse."  FAC at 8, 12–13.  Movant thus seeks the "return" of approximately $75,000.00 in gold coins.

Movant has not filed a claim with the FBI regarding the allegedly missing gold coins.  Declaration of Lynn Zellhart ("Zellhart Decl.") at ¶ 6.  The FBI has a process by which an individual who believes the government has lost or damaged property may file a claim.  Id. at ¶¶ 2–5.  In order to consider claims for alleged property lost or damaged, a claimant files a written claim signed by the claimant or an authorized agent or representative, itemizing the lost or damaged property, including a damage amount or a sum certain.  Id.  Per the FBI's administrative procedure, the claimant should provide

proof of ownership of the property and proof of value of the property.  Id.  The completed claim must be received by the Office of the Chief Division Counsel of the FBI by March 23, 2022, pursuant to 31 U.S.C. § 3724(a).  Id.  The FBI then reviews the claim, and the United States may settle valid claims for loss of or damage to privately owned property caused by an investigative or law enforcement officer who is employed by the Department of Justice, pursuant to 31 U.S.C. § 3724(a).

### III.

### ARGUMENT

**A.    The Standards For Motions To Dismiss Under Fed. R. Civ. P. 12 For Lack of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted.**

Federal courts should not adjudicate controversies where subject matter jurisdiction is lacking because they "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986) (citation omitted).  As courts of limited jurisdiction, the presumption is that a court is "without jurisdiction unless the contrary appears affirmatively from the record."  Id. at 546 (internal quotes and citations omitted).  The burden of establishing subject matter jurisdiction rests upon the party invoking it [Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)] and "the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."  Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989) (internal quotes and citation omitted); see also Fed. R. Civ. P. 12(h)(3).

Fed. R. Civ. P. 12(b)(1) subject matter jurisdiction attacks can be either facial or factual.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  In "a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Conversely, in a factual attack "[n]o presumptive truthfulness attaches to plaintiff's [complaint's] allegations" [Thornhill Pub. v. General Tel. and

Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979) (internal quotes and citation omitted)], "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" [Safe Air for Everyone, 373 F.3d at 1039 (citation omitted)], and courts may weigh the extrinsic evidence in determining whether the facts show that a plaintiff has discharged plaintiff's burden of demonstrating that subject matter jurisdiction exists [Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir. 1987)].

Courts should grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted when a complaint fails to allege a cognizable legal theory or sufficient factual support for a legal theory. Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F.3d 1156, 1159 (9th Cir. 2016). Fed. R. Civ. P. 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (internal quotes and citation omitted). Also, a complaint must set forth "enough facts to state a claim for relief that is plausible on its face" to defeat the motion. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). On the motion, courts accept as true the well-pleaded material factual allegations of a complaint but need not accept as true conclusory allegations, unwarranted factual deductions, unreasonable inferences or legal characterizations. Bell Atlantic Corp., 550 U.S. at 555; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Moreover, courts may consider documents attached to or mentioned in a complaint and matters subject to judicial notice without converting the motion into a summary judgment motion. Massey v. Ojaniit, 759 F.3d 343, 347-48 (4th Cir. 2014); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

**B.    Plaintiff's FAC Seeks To Invoke The Equitable Jurisdiction Of This Court.**

Because plaintiff seeks the return of property pursuant to Fed. R. Crim. P. 41(g),

plaintiff's FAC (or for that matter a motion, which is treated as a complaint)[1] seeks to invoke the Court's equitable jurisdiction.  Fed. R. Crim. P. 41(g) motions/complaints are only appropriate where the return of property is sought and no criminal action seeking forfeiture of the property is pending nor have civil forfeiture proceedings been instituted.  See United States v. $8,850, 461 U.S. 555, 569-70 (1983) (recognizing such motions under former Fed. R. Crim. P. 41(e)).  Because such a movant has no other available forum to address the grievance, Fed. R. Crim. P. 41(g) motions are treated as equitable civil actions.  United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir. 1987).

The Ninth Circuit has recognized that a district court's invocation of equitable jurisdiction to hear a Fed. R. Crim. P. 41(g) request for return of property should be exercised with caution and restraint.  Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993).  It is a fundamental principle of equitable jurisdiction that if an adequate remedy at law exists, equitable relief is unavailable.  United States v. Elias, 921 F.2d 870, 875 (9th Cir. 1990) (affirming district court's refusal to exercise equitable jurisdiction "because Elias had an adequate remedy at law"); United States v. U.S. Currency, $83,170.78, 851 F.2d 1231, 1235 (9th Cir. 1988) (affirming denial of motion for return of property where adequate remedies at law existed; there was "no need to fashion an equitable remedy").

This Court should consider the United States' response as a motion to dismiss under Fed. R. Civ. P. 12(b).  See Ibrahim, 522 F.3d at 1007-1008 (court erred in converting Rule 41(g) motion into one for summary judgment, because the Rule 41(g) motion must be treated as a civil complaint when there is no pending criminal

---

[1] Ninth Circuit cases instruct district courts to treat Rule 41(g) motions as civil complaints governed by the Federal Rules of Civil Procedure.  United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008) ("[b]ecause there were no criminal proceedings pending at the time of filing, the District Court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure") (citation omitted); United States v. Ritchie, 342 F.3d 903, 906-07 (9th Cir. 2003).  Once district courts treat the motion "as a civil complaint, . . . it [is] required to apply the Federal Rules of Civil Procedure.  These rules apply to each stage of the proceedings, the same way they would in the civil context."  Ibrahim, 522 F.3d at 1008 (citation omitted and emphasis in original).

prosecution); see also United States v. Ritchie, 342 F.3d 903, 906-07 (9th Cir. 2003) (treated opposition as the equivalent as a Rule 12(b)(6) motion).

When considering Movant's Rule 41(g) motion, this Court must also consider the limits of the United States' waiver of sovereign immunity. "'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" Jachetta v. United States, 653 F.3d 898, 903 (9th Cir. 2011) (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983). Thus, "[i]n an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity." Arford v. United States, 934 F.2d 229, 231 (9th Cir. 1991); accord, e.g., United States v. Park Place Assocs., Ltd., 563 F.3d 907, 923–24 (9th Cir. 2009). That waiver "cannot be implied, but 'must be unequivocally expressed in statutory text.'" Jachetta, 653 F.3d at 903 (quoting Lane v. Pena, 518 U.S. 187, 192 (1996)); Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987) ("A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity.").

**C.** **The FAC Fails to State a Claim Upon Which Relief Can Be Granted Because It Seeks the Return of Property the Government Allegedly Lost, and Sovereign Immunity Bars The Award of Monetary Damages Under Rule 41(g).**

The FAC suffers a fatal flaw: Movant seeks the return of property she alleges the Government has lost. Therefore, the Court cannot order the FBI, or the U.S. Attorney's Office, to return property it does not possess, and any such claim should be dismissed. Moreover, sovereign immunity bars the award of monetary damages under Rule 41(g) and thus prevents Movant from obtaining approximately $75,000.00 in gold coins she claims the government "misplaced, lost, or worse." FAC at 13. The FAC is an improper attempt at a conversion claim and is not appropriate as formulated in a Rule 41(g) complaint.

If—as alleged in the FAC—the government misplaced, lost, or stole the allegedly seized gold coins, the FAC must be dismissed because the government **cannot return property it does not possess** and Movant is barred from seeking monetary damages. Ordonez v. United States, 680 F.3d 1135, 1137–40 (9th Cir. 2012) ("No matter how compelling the circumstances, because Rule 41(g) contains no express and unequivocal waiver of the government's sovereign immunity, money damages are not a permitted form of relief"); see also United States v. Eames, 524 F. App'x 320 (9th Cir. 2013) (vacating district court's award of money damages and remanding with instructions to dismiss Rule 41(g) movant's claim for compensation for lost coins); Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007) (instructing district court that if the government no longer possesses the seized cash, "[claimant's] motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)"); Diaz v. United States, 517 F.3d 608, 612-13 (2d Cir. 2008) ("seized currency should be treated like any other seized property: if the property is no longer available, sovereign immunity bars the claimant from seeking compensation.").

It is black letter law that although Fed. R. Crim. P. 41(g) is a vehicle for seeking the return of property, the rule "does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004); see Diaz, 517 F.3d at 613 (in Rule 41(g) cases, "[o]nce seized currency has been disbursed and is no longer available ... a claim for its return is ... no longer at hand: such claims are jurisdictionally barred by the principle of sovereign immunity"). Therefore, where, as here, **property is not available for return 'for whatever reason,'** the aggrieved party cannot obtain monetary damages against the United States." Kahn v. United States, 09 Civ. 277 (JFK), 2009 U.S. Dist. LEXIS 81744, at *3 (S.D.N.Y. Sept. 8, 2009) (citing Adeleke, 355 F.3d at 151) (emphasis added).

In *Eames*, the Ninth Circuit held in an unpublished decision that the district court erred when it ordered the government to make payment for the loss of gold coins seized during the course of an investigation into the movant's money laundering and related crimes.  524 F. App'x at 320.  The Ninth Circuit held that the district court should have denied a Rule 41(g) motion for the return of gold coins in its entirety because the government admitted that it misplaced four gold coins that it had seized, and the district court lacked jurisdiction to order payment of money damages because sovereign immunity bars an award of money damages against the government on a motion to recover property under Rule 41(g).  Id.  (citing Ordonez, 680 F.3d at 1139–40).

Here, taking the allegations in the FAC as true – that "at least forty 1 oz. Gold American Eagle coins" are "missing," that the government has "los[t] … tens of thousands of dollars worth of Dr. R's coins," and that the coins are "misplaced, lost, or worse"  --  the government no longer possesses the gold coins that Movant seeks an order to return.  Like in *Eames*, Movant is seeking relief that is flatly barred by Ordonez and the doctrine of sovereign immunity under Rule 41(g).  The Ninth Circuit is crystal clear on this point:  "No matter how compelling the circumstances, because Rule 41(g) contains no express and unequivocal waiver of the government's sovereign immunity, money damages are not a permitted form of relief.  Thus, even when it results in a wrong without a remedy, the federal courts are without jurisdiction to award money damages against the government under Rule 41(g) until Congress tells us otherwise."  Ordonez, 680 F.3d at 1140.

Plaintiff has simply chosen the wrong vehicle to assert her claim for missing property and the return of gold coins.  Plaintiff should have based subject matter jurisdiction on 28 U.S.C. § 1346(b), which is the statute establishing jurisdiction on claims against the government for monetary damages arising from the loss of property under 28 U.S.C. § 2671 et seq. (the Federal Torts Claims Act [the "FTCA"]).  Further, in order to establish subject matter jurisdiction for a FTCA claim, Movant's complaint must allege she has exhausted her administrative remedies, by sending her stolen

property claim to an administrative agency and proof that the agency denied her claim, which as noted has not occurred here and is a jurisdictional prerequisite for filing suit under the FTCA for monetary damages against the government; without that allegation, a complaint is properly dismissed for lack of subject matter jurisdiction.  28 U.S.C. §§ 2672 and 2675(a); Blair v. IRS, 304 F.3d 861, 864-65 (9th Cir. 2002); Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

The FAC should be dismissed on this basis alone.

**D.  Plaintiff Cannot Discharge Her Burden Of Showing Equitable (And Therefore Subject Matter) Jurisdiction Exists Because The FBI Claims Process Provides Plaintiff With An Adequate Remedy At Law And Divests The Court Of Jurisdiction To Hear This Case.**

Even if the Court does not dismiss Movant's FAC because she improperly requests the return of property she alleges the government has lost, which it should, the Court should still dismiss the FAC because the FBI claims process provides an adequate remedy at law and divests the Court of jurisdiction to hear this case.

 The Ninth Circuit has recognized that a district court's invocation of equitable jurisdiction to hear a Fed. R. Crim. P. 41(g) request for return of property should be exercised with caution and restraint.  Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993).  It is a fundamental principle of equitable jurisdiction that if an adequate remedy at law exists, equitable relief is unavailable.  United States v. Elias, 921 F.2d 870, 875 (9th Cir. 1990) (affirming district court's refusal to exercise equitable jurisdiction "because Elias had an adequate remedy at law"); United States v. U.S. Currency, $83,170.78, 851 F.2d 1231, 1235 (9th Cir. 1988) (affirming denial of motion for return of property where adequate remedies at law existed; there was "no need to fashion an equitable remedy").

Here, the FBI has an administrative process by which a claimant can submit an claim for lost or damaged property, which the Attorney General may settle pursuant to 31 U.S.C. § 3724.  If an administrative claim is filed by the property owner, the FBI

reviews the claim, prepares a summary of the facts that gave rise to the claim, and makes a recommendation regarding payment.  In order to consider claims for alleged property lost or damaged, a claimant files a written claim signed by the claimant or an authorized agent or representative, itemizing the lost or damaged property, including a damage amount or a sum certain.  Second, the claimant should provide proof of ownership of the property and proof of value of the property.  Id.  The completed claim must be received by the Office of the Chief Division Counsel of the FBI by March 23, 2022, pursuant to 31 U.S.C. § 3724(a).  Id.  The FBI then reviews the claim, and the United States may settle valid claims for loss of or damage to privately owned property caused by an investigative or law enforcement officer who is employed by the Department of Justice, pursuant to 31 U.S.C. § 3724(a).

The Court should decline to exercise equitable jurisdiction over the allegedly lost property because Movant has an adequate remedy at law.  For example, in Hoskins v. Craig, No. CIV. 11-296-GPM, 2013 WL 675734, at *2 (S.D. Ill. Feb. 25, 2013), the Court analyzed whether a due process violation had occurred where there was an adequate remedy at law.  There, the Court noted that the movant had an adequate remedy at law through an administrative remedy program, and also had other adequate remedies available including "a claim under 31 U.S.C. § 3724 which allows the Attorney General to settle claims for losses caused by law enforcement personnel."  Id.  at *3.

The FAC should be dismissed for lack of subject matter jurisdiction because the administrative claims proceedings provides an adequate remedy at law and divests the Court of jurisdiction to hear plaintiff's claim.

### E.   Movant Has Not Discharged Her Burden Of Showing That She Should Be Allowed To Litigate This Case Using A Pseudonym.

As set forth above, dismissal is warranted because plaintiff fails to state a claim upon which relief can be granted, and she has not shown that subject matter jurisdiction lies.  The government respectfully submits that these bases, each standing alone, is sufficient to warrant dismissal of the FAC.  Nevertheless, the government respectfully

submits that dismissal is also appropriate because plaintiff has not shown that she is entitled to proceed with a fictitious name.

A plaintiff's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and [Fed. R. Civ. P.] 10(a)'s command that the title of every complaint include the names of all the parties." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000) (internal quotes and citation omitted). The presumption is that parties "must use their real names," which "is loosely related to the public's right to open courts, and the right of private individuals to confront their accusers." Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted).

The Ninth Circuit has carved out an exception in the "unusual case" and in "special circumstances" when non-disclosure of the plaintiff's actual name "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." Advanced Textile Corp., 214 F.3d at 1067-68 (internal quotes and citations omitted). To invoke the exception, the "party seeking anonymity has the burden of proving it should be allowed to proceed anonymously." A.G. v. Unum Life Ins. Co. of America, 2018 WL 903463, *1 (D. Or. Feb. 14, 2018) (citing United States v. Stoterau, 524 F.3d 988, 1013 (9th Cir. 2008)); cf. Advanced Textile Corp., 214 F.3d at 1071 ("plaintiffs satisfied this burden").

In order to discharge the burden, a plaintiff must show that the "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Id. at 1068. As to a plaintiff's need for anonymity where, as here, a plaintiff alleges she needs to shield herself from retaliation, courts consider "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." Id. (citations omitted).

### 1. The Prejudice To The Government.

Unlike other litigants in these USPV cases, Dr. Linda R. has provided her true

11

identity to the FBI.  Thus, the government has been able to verify her box number and return property to her.  But courts have found prejudice where, as here, a plaintiff's anonymity is logically impracticable.  Jessica K. v. Eureka City Schools Dist., 2014 WL 689029, *5 (N.D. Cal. Feb. 21, 2014) (defendants prejudiced because "the matter likely involves extensive discovery directed at third parties, such as school children," and "[i]t would be most impracticable to expect deponents or interviewees-such as classmates who alleged harassed plaintiffs or witnessed such claimed events-to attend depositions and then keep the contents of such depositions secret . . . or to keep mum about who they think is accusing them"); Doe v. John F. Kennedy Univ., 2013 WL 4565061, *4 (N.D. Cal. Aug. 27, 2013) (granting motion to dismiss Doe complaint: "it is unclear how Defendants would interview potential witnesses to gather facts or to assess Plaintiff's credibility if they could not disclose her name.  Third party discovery would be similarly awkward and difficult").  If the Court allows plaintiff to proceed with her improper Rule 41(g) complaint, discovery will require federal law enforcement officials and witnesses to awkwardly avoid using plaintiff's true name.  Moreover, Movant's true ownership of allegedly missing 40 gold coins will be discoverable, and third-party witnesses will be subpoenaed and deposed.  It is impractical for the government to use a fictious name throughout this case.

Moreover, if the Court allows plaintiff to proceed anonymously while claiming that the government lost or stole her gold coins, the prejudice to the government is manifest because the floodgates will open, and other anonymous individuals will file identical lawsuits seeking the "return" of allegedly missing gold.  The Court should at least require that litigants who claim the government misplaced, lost, or stole their gold publicly reveal their true identities (of course, the Court should also require that they go through the FBI's administrative procedure and not file procedurally improper lawsuits).  This will prevent an avalanche of anonymous lawsuits asserting masqueraded conversion claims.

### 2.     The Public's Interest.

It is well-settled that the public interest is served by open and public court proceedings in which the litigants' identities and claims are known to all.  Allowing a party to sue under a fictitious name obstructs "the common law rights of access to the courts and judicial records."  Kamehameha Schools, 596 F.3d at 1042; see also Advanced Textile Corp., 214 F.3d at 1067 ("[p]laintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings") (citations omitted); Stoterau, 524 F.3d at 1018 ("[i]dentifying the parties to a proceeding is an important dimension of publicness.  The people have a right to know who is using their courts") (internal quotes and citation omitted).

This case is a matter of public interest.  Articles have appeared in newspapers regarding this case, and permission to intervene in at least one case for the purpose of filing an amicus curiae brief because of the purported importance of this case has been filed.  Docket No. 29 in Charles Coe v. United States of America, et al., Case No. 2:21-cv-03019-RGK-MAR.

### 3.     Plaintiff's Need For Anonymity.

### a.     Severity Of The Threatened Injury And Reasonableness Of Plaintiff's Fear.

The severity of the threatened harm and the reasonableness of the plaintiff's fears "are intricately related and should be addressed together.  In order to proceed anonymously, a plaintiff must show both (1) fear of severe harm and (2) that the fear of sever harm is reasonable."  Kamehameha Schools, 596 F.3d at 1043 (emphasis in original).  Plaintiff has shown neither.

Despite bearing the burden of showing these elements in her fear-of-retaliation case, plaintiff has offered no facts.  Instead, plaintiff alleges in conclusory fashion that she brings his claims pseudonymously "to protect her security."  FAC at 6 n.1.  Plaintiff also alleges that she is "elderly and lives alone and the discussions about her savings and where she keeps her assets could put her safety at risk."  Id.  The FAC provides no other

facts to justify her entitlement to sue using a pseudonym.  Plaintiff has failed to discharge her burden.

The Ninth Circuit has held that even the risk of physical violence may be insufficient to justify proceeding under a pseudonym.  In Stoterau, the Ninth Circuit denied a convicted child sex offender's request to use a pseudonym in its published opinion even though he argued that his was an unusual case in which there was a need for anonymity because sex offenders such as Stoterau faced an elevated risk of violent abuse in prison.  The court rejected his argument, noting that it would apply equally to other sex offenders, so his case was not "unusual."  524 F.3d at 1012-13.  By the same token, plaintiff's request for anonymity would apply equally to the other hundreds of USPV boxholders or, indeed, any person who sought the return of property but worried that the government would as a result investigate their assertion that they owned the property.

Plaintiff's complaint is also fatally flawed because she offers nothing, conclusions or otherwise, to show that her alleged fear of harm is reasonable.  Kamehameha Schools, 596 F.3d at 1044 ("fear of severe harm is irrelevant if the plaintiffs do not reasonably fear severe harm") (emphasis in original).  Plaintiff's complaint does not show that she is at risk of any sort of retaliatory harm as a result of filing this lawsuit.  Additionally, plaintiff has offered no evidence that she (or anyone who sued in her real name) has been subject to any actual threats as a result of their lawsuit.  Plaintiff relies upon Advanced Textile Corp., but the risk of unfair retaliation was clear in that case because plaintiffs had shown that laborers who complained of unfair working conditions were fired, blackballed by employers, and deported to China where they faced imprisonment for failing to make good on debts they incurred to labor recruiters.  No comparable evidence exists here.

### b.   Plaintiff's vulnerability to retaliation.

Plaintiff is not unusually or uniquely vulnerable to retaliation.  In Advanced Textile Corp., non-resident garment workers living and working in the U.S.

Commonwealth of the Northern Marina Islands sued under the Fair Labor Standards Act, and alleged in their complaint that they "fear that if their true identity is revealed, they will face actual physical violence, the threat of physical violence, immediate deportation to China or their country of origin, likely arrest upon arrival in China or their country of origin . . . and economic retaliation." Id. at 1063.  The economic retaliation included factory managers' actual threats of "termination, blacklisting, deportation, and closing the factory." Id. at 1065.  Also, plaintiffs resided in company housing, and "at least some employers attempt to prevent their employees from leaving the 'barracks' without permission." Id. at 1072.  Plaintiffs in Advanced Textile Corp. were among the most powerless: indebted factory workers dependent on their employers for wages and housing, and who could be deported if their defendant employer chose to retaliate against them, and the court permitted them to begin their litigation anonymously in part because of "their highly vulnerable status." Id. at 1069.

Plaintiff here, by contrast, is the opposite: an individual living in the United States who has the means to hire a large law firm and who has stored cash and gold and silver coins at USPV in Beverly Hills.  Moreover, it cannot be that any litigant who has reached a certain age, or who lives alone, has met her burden to file lawsuits anonymously.  That is not the law.  Dr. Linda R.'s personal circumstances bear little resemblance to those of Advanced Textile Corp.'s vulnerable plaintiffs, and the FAC should be dismissed on this basis alone.

//

//

//

//

//

//

//

15

# IV.

# CONCLUSION

For the foregoing reasons, the government respectfully requests that its motion be granted.

Dated: July 14, 2021,

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendant
UNITED STATES OF AMERICA

## DECLARATION OF AUSA MAXWELL COLL

I, MAXWELL COLL, declare as follows:

1.     I am an Assistant United States Attorney in the General Crimes Section and am assigned to this case.

2.     On July 9, 2021, I held a Local Rule 7-3 Conference of Counsel with plaintiff's counsel Benjamin N. Gluck, and Nicole Van Dyk regarding the government's motion to dismiss.  We were unable to resolve our differences.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on July 14, 2021.

_____/s/_____
AUSA MAXWELL COLL

# DECLARATION OF SPECIAL AGENT LYNNE ZELLHART

I, Special Agent Lynne Zellhart, declare as follows:

1.     I am a Special Agent with the FBI and have been tasked with returning to the boxholders of U.S. Private Vaults the property they lawfully possessed which was stored in their safety deposit boxes.

2.     The FBI has a process by which an individual who believes the government has lost or damaged property may file a claim.  In order to consider claims for alleged property lost or damaged, a claimant files a written claim signed by the claimant or an authorized agent or representative, itemizing the lost or damaged property, including a damage amount or a sum certain.

3.     The claimant should provide proof of ownership of the property and proof of value of the property.

4.     The completed claim must be received by the Office of the Chief Division Counsel of the FBI by March 23, 2022.

5.     The FBI then reviews the claim, and I understand the United States may settle valid claims for loss of or damage to privately owned property caused by an investigative or law enforcement officer who is employed by the Department of Justice.

6.     I am aware of the true identity of "Dr. Linda R.," the movant in this case. Dr. Linda R. has not filed a claim with the FBI regarding the allegedly missing gold coins.

SA LYNNE ZELLHART

18