TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
        Victor.Rodgers@usdoj.gov
        Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SEARCH AND SEIZURE OF BOX NO. 8309 AT U.S. PRIVATE VAULTS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 2:21-cv-03554-RGK-MAR<br><br>**DEFENDANT UNITED STATES OF AMERICA'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF SA JESSIE MURRAY**<br><br>Date:   August 9, 2021<br>Time:   9:00 a.m.<br>Courtroom: 850, the Honorable<br>           R. Gary Klausner |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

The Government has returned to Movant Dr. Linda R. ("Movant") the gold and silver coins stored in her safe deposit box at U.S. Private Vaults ("USPV"). With respect to the cash stored in the box, the Government has informed Movant that funds equivalent to the cash seized (plus interest) will be wired to her designated bank account; the FBI expects the wire transfer to be complete in about 21 days after the agency receives her bank account information. And the Government has produced to Movant a receipt of the property returned and two videos showing federal agents reviewing the content of her safe deposit box.

Still at issue here are Movant's allegations that she is missing property—namely $75,000.00 worth of gold coins. At the same time, Movant admits that federal agents and the United States Attorney's Office have already informed her that they do not possess the "missing gold coins." This is the crux of her complaint: According to Movant, federal agents "told Dr. R. that they did not know anything about the missing coins"; the Government sent counsel two video files "and claimed they prove Dr. R. received all of her property"; the government has lost "at least forty 1 oz. Gold American Eagle coins"; these items are "missing"; the government has "los[t] … tens of thousands of dollars worth of Dr. R's coins"; and these items were "misplaced, lost, or worse." First Amended Complaint ("FAC") at 6–8, 12–13.

If Movant believes—as she has alleged throughout her FAC—that gold coins are missing, lost, stolen, or otherwise unreturned, she should first file a claim with the FBI for lost or damaged property, and after exhausting this administrative remedy, file suit under the Federal Torts Claims Act. Instead, Movant has filed an improper Rule 41(g) motion for the return of property that she admits federal agents have already stated they do not "know anything about." FAC at 6. The Government cannot return property it does not have. What remains at issue is an improper tort claim in disguise, and the FAC should be dismissed for failure to state a claim upon which relief can be granted and lack

of equitable (and therefore subject matter) jurisdiction.

## II. Movant Admits that Federal Agents Already Stated They Know Nothing About the Allegedly Missing Gold Coins, and that the United States Attorney's Office has Explained that Movant Has Received All of Her Gold Coins Stored at USPV.

The Government has not misrepresented Movant's claims. Realizing the flaws in the FAC, Movant tries in her opposition to restyle the Rule 41(g) motion. But she cannot. Movant seeks the return of gold coins she admits federal agents know nothing about, and that the United States Attorney's Office has already explained the Government does not possess. FAC at 6–8. If the Court were to order the return of "as-yet-unreturned property," on the face of the FAC, the Government would not have any property to return after, as discussed *infra*, funds are electronically transferred to Movant's bank account (which Movant admits is in process). It is odd that Movant presses on with the FAC styled as a Rule 41(g) motion.

There is no "word-gotcha" at play. See Opp'n at 7. As Movant admits, the Government has explained to her counsel that the Government does not possess the allegedly missing gold coins. This is true. After federal agents returned gold and silver coins to Movant, her counsel contacted the lead AUSA and advised him of allegedly missing coins. FAC at 7. The AUSA explained that all of the coins were returned to Movant, and provided informal discovery in an attempt to resolve the dispute. Id. This discovery included a property receipt and two videos showing federal agents' review of Movant's property. Id. After counsel stated that Movant believes she is missing coins, the FBI searched for allegedly missing gold coins—none was found. Declaration of Jessie Murray ("Murray Decl.") at ¶ 6.

The Court should not allow Movant to proceed with an improper Rule 41(g) motion because she has failed to state a claim upon which relief can be granted: Under black letter law, the Court cannot order the FBI, or the U.S. Attorney's Office, to return property it does not possess. Moreover, sovereign immunity bars the award of monetary

damages under Rule 41(g) and thus prevents Movant from obtaining approximately $75,000.00 in gold coins. Plaintiff should have based subject matter jurisdiction on 28 U.S.C. § 1346(b), which is the statute establishing jurisdiction on claims against the government for monetary damages arising from the loss of property under 28 U.S.C. § 2671 et seq. (the Federal Torts Claims Act [the "FTCA"]).

The FAC is an improper attempt at a conversion claim and is not appropriate as formulated in a Rule 41(g) complaint. Ordonez v. United States, 680 F.3d 1135, 1137–40 (9th Cir. 2012) ("No matter how compelling the circumstances, because Rule 41(g) contains no express and unequivocal waiver of the government's sovereign immunity, money damages are not a permitted form of relief"); see also United States v. Eames, 524 F. App'x 320 (9th Cir. 2013) (vacating district court's award of money damages and remanding with instructions to dismiss Rule 41(g) movant's claim for compensation for lost coins); Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007) (instructing district court that if the government no longer possesses the seized cash, "[claimant's] motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)"); Diaz v. United States, 517 F.3d 608, 612-13 (2d Cir. 2008) ("seized currency should be treated like any other seized property: if the property is no longer available, sovereign immunity bars the claimant from seeking compensation.").

### III. The Court Should Not Exercise Equitable Jurisdiction Where Movant Admits the Government is Already Returning Funds Equivalent to the Cash Seized from Movant's Box Plus Interest.

The Court should decline to exercise equitable jurisdiction where the Government has already agreed and is positioned to wire the funds to Movant's account. Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993) (recognizing that a district court's invocation of equitable jurisdiction to hear a Fed. R. Crim. P. 41(g) request for return of property should be exercised with caution and restraint).

On the face of the FAC, Movant admits that the Government has assured her that

the Government will electronically deposit funds from the U.S. Treasury to her bank account. FAC at 8 n.4. The Government is attempting to do so, and Movant will receive the funds within approximately 21 days of submitting the necessary banking information. Murray Decl. at ¶ 3. The return of currency stored in Movant's box is not in dispute—the Government is attempting to send the wire upon receipt of the requisite information.

     The Government cannot return the actual cash stored in Movant's safe deposit box. The FBI does not hold on to seized cash. Murray Decl. at ¶ 4–5. It is required by the agency's forfeiture policy to turn in seized cash to the United States Marshals Service. Id. Because agents deposited the cash seized from Movant's box, per agency policy, they were not able to return the specific cash that was seized to her when they returned the gold and silver coins stored in her safe deposit box. Id. But the FBI has authorized the transfer of funds to Movant's account equivalent to the cash stored in her safe deposit box. Id. The amount of currency that will be transferred to Movant's account is equivalent to the cash seized from her box, plus interest. Id. Once the Government receives information needed to wire the funds, the FBI expects the electronic deposit to be received in three weeks. Id.

     Movant admits that the Government has already explained that it is in the process of returning the currency seized. FAC at 8 n.4. And on July 28, 2021, the FBI directly informed Movant's counsel that the agency requires Movant's bank account information in order to wire the funds in U.S. currency to her designated bank account. Id. ¶ 3. The request for the return of currency stored in Movant's safe deposit box is moot, and this aspect of the claim does not save the improper Rule 41(g) motion. The Court should not exercise equitable jurisdiction where the Government has agreed to return the currency to Movant and is attempting to do so.

### IV. The Court Should Not Exercise Equitable Jurisdiction Where Movant Has Not Even Filed a Claim for Lost or Damaged Property.

It is a fundamental principle of equitable jurisdiction that if an adequate remedy at law exists, equitable relief is unavailable. United States v. Elias, 921 F.2d 870, 875 (9th Cir. 1990) (affirming district court's refusal to exercise equitable jurisdiction "because Elias had an adequate remedy at law"); United States v. U.S. Currency, $83,170.78, 851 F.2d 1231, 1235 (9th Cir. 1988) (affirming denial of motion for return of property where adequate remedies at law existed; there was "no need to fashion an equitable remedy").

As the Government explained in its moving papers, the FBI has an administrative process by which a claimant can submit a claim for lost or damaged property, which the Attorney General may settle pursuant to 31 U.S.C. § 3724. This administrative process triggers a formal administrative inquiry into the allegedly lost or damaged property, and enables the FBI to adjudicate the claim.

Movant has not filed a claim with the FBI for lost or damaged property, and instead urges the Court to exercise *equitable jurisdiction* to order the return of allegedly lost property and adjudicate whether the Government has possession of the allegedly missing gold coins (despite the admissions in the FAC that the Government has already explained that it does not possess the gold coins). The Court should not open the floodgates to claims for lost or damaged properties where claimants are not even attempting to resolve their dispute through the FBI's administrative process. Movant cites no cases supporting the position that courts should play the role of adjudicating allegedly lost property in the context of motions for return of property where there is an administrative process set up to resolve such claims.

It is telling that Movant argues this administrative process is not adequate because there is a statutory cap on the settlement amount available. On the one hand, Movant avers she is ***not*** seeking damages, and on the other hand, complains that the FBI's administrative process for seeking the return of lost property is inadequate because she seeks gold valued at about $72,000.00. Opp'n at 9. If Movant is not seeking damages,

5

and is merely seeking the return of allegedly lost property, then this administrative process for adjudicating whether or not the FBI lost property is wholly adequate. Regardless, the Court should not exercise equitable jurisdiction over allegedly lost gold coins where a claimant has not even attempted to submit a claim for the return of the property with the FBI, and the Government has already produced both a receipt of the property returned to Movant and two videos showing federal agents reviewing Movant's safe deposit box.

### V. The Court Should Not Allow Movant to Proceed Anonymously.

The Court need not address this section because Movant fails to state a claim upon which relief can be granted, and the Court should decline to exercise equitable jurisdiction where the Government has already returned gold and silver coins and is attempting to transfer funds to Movant's bank account. But if the Court does address the anonymity factors, the FAC should be dismissed because Movant cannot meet her burden to proceed anonymously.

There is no dispute that the presumption is that parties "must use their real names," which "is loosely related to the public's right to open courts, and the right of private individuals to confront their accusers." Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted). The government respectfully submits that Movant cannot meet her burden of proving she should be allowed to proceed anonymously. A.G. v. Unum Life Ins. Co. of America, 2018 WL 903463, *1 (D. Or. Feb. 14, 2018) (citing United States v. Stoterau, 524 F.3d 988, 1013 (9th Cir. 2008)); cf. Advanced Textile Corp., 214 F.3d at 1071.

Unlike other litigants in these cases, Movant does not claim she must proceed anonymously for fear of a Government investigation—indeed, the Government already knows her true name. The fear articulated is a concern that if Movant proceeds in her real name, someone "could easily find where she lives" and attempt to take her property. But the Ninth Circuit has held that even the risk of physical violence may be insufficient to justify proceeding under a pseudonym. *United States v. Stoterau*, 524 F.3d 988, 1013

(9th Cir. 2008). Movant argues that the facts here are too dissimilar to the binding Ninth Circuit case law. Opp'n at 11. But it is Movant's burden to show that she should be allowed to proceed anonymously. Movant cites no case law to support her position that the burden is met when a plaintiff fears that someone will take the property she seeks returned. If that fear did satisfy the burden, which it does not, then every litigant seeking the return of property could claim they too can proceed anonymously for fear of someone taking the property they seek returned. This would be highly prejudicial to the Government, and the Court should not set such a standard.

The public has a general interest in knowing the true name of every litigant in every case, and Movant has not met her burden to proceed anonymously in this case. The Court should dismiss the FAC on this basis alone.

## VI.     CONCLUSION

The Government has returned Movant's gold and silver coins. The Government is attempting to wire funds to Movant's bank account equivalent to the cash seized. And the Government has produced informal discovery to Movant including a property receipt and videos showing federal agents' review of her safe deposit box. The Government cannot return allegedly missing coins it does not possess. The Court should dismiss the FAC for failure to state a claim and lack of equitable (and therefore subject matter) jurisdiction. In the alternative, the Court should dismiss the FAC because Movant has not carried her burden to demonstrate that this is an exceptional case where she may proceed anonymously.

//
//
//
//
//

For the foregoing reasons, the government respectfully requests that its motion be granted.

Dated: August 2. 2021,            Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
_____
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendant
UNITED STATES OF AMERICA

8

## DECLARATION OF SPECIAL AGENT JESSIE MURRAY

I, Supervisory Special Agent Jessie Murray, declare as follows:

1. I am a Supervisory Special Agent with the FBI.

2. The FBI is attempting to wire funds equivalent to the cash seized from Movant's safe deposit box to a bank account of Movant's choosing.

3. On July 28, 2021, the FBI directly informed Movant's counsel that the agency requires Movant's bank account information in order to wire the funds in U.S. currency to her designated bank account. Movant will receive the funds within approximately 21 days of submitting the necessary banking information.

4. The FBI does not hold on to seized cash. It is required by the agency's forfeiture policy to turn in seized cash to the United States Marshals Service.

5. Because agents deposited the cash seized from Movant's box, per agency policy, they were not able to return cash to her when they returned the gold and silver coins stored in her safe deposit box.

6. I am aware that Movant claims she is missing gold coins. The FBI has searched for missing gold coins and has not located any missing coins.

Executed in Los Angeles, California, on August 2, 2021.

*/s/ Jessie Murray*
SSA JESSIE MURRAY