Benjamin N. Gluck - State Bar No. 203997
    bgluck@birdmarella.com
Nicole R. Van Dyk - State Bar No. 261646
    nvandyk@birdmarella.com
Naomi S. Solomon - State Bar No. 321357
    nsolomon@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Movant Dr. Linda R.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SEARCH AND SEIZURE OF BOX NO. 8309 AT U.S. PRIVATE VAULTS,<br><br>            Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | CASE NO. 2:21-cv-3554 RGK (MAR)<br><br>**NOTICE OF MOVANT DR. LINDA R.'S *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS;**<br><br>**PROPOSED SURREPLY IN OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS (EXHIBIT A HERETO);**<br><br>**DECLARATION OF NICOLE R. VAN DYK IN SUPPORT OF PROPOSED SURREPLY (EXHIBIT B HERETO)**<br><br>*[Filed concurrently with Declaration of Naomi S. Solomon in Support of Ex Parte Application; and [Proposed] Order]*<br><br>Date:    Aug. 16, 2021<br>Time:    9:00 a.m.<br>Crtrm.:  850<br><br>Assigned to Hon. R. Gary Klausner |

3738743.2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Civil Local Rule 7-19, Plaintiff applies, *ex parte*, for an order pursuant to Local Rule 7-10 granting leave to file a surreply in opposition to the Government's Motion To Dismiss Complaint For Lack Of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted Pursuant To F.R.C.P. 12(B)(1) And 12(B)(6).

On August 4, 2021, counsel for Movant gave oral notice to Government counsel, AUSA Maxwell Coll.  (Declaration of Naomi S. Solomon In Support of Dr. Linda R.'s *Ex Parte* Application for Leave to File Surreply ¶ 2.)  Counsel for the Government advised that the Government will oppose Movant's *ex parte* application.  *Id.* ¶ 3.

This *ex parte* application is based on this Notice, the Memorandum of Points and Authorities; the proposed Surreply (attached hereto as Exhibit A); the Declaration of Nicole R. Van Dyk in support of the proposed Surreply (attached hereto as Exhibit B); the Declaration of Naomi S. Solomon in support of the *ex parte* Application; and the proposed order granting Plaintiff's *ex parte* Application, all pleadings and papers on file in this action, and such further briefing and arguments as the Court may hear.

DATED:  August 4, 2021              Respecfully submitted,

Benjamin N. Gluck
Nicole R. Van Dyk
Ashley D. Bowman
Naomi S. Solomon
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:   _____*/s/ Benjamin N. Gluck*_____
              Benjamin N. Gluck
         Attorneys for Plaintiff John Doe

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Government moved to dismiss Dr. Linda R.'s case.  In Opposition, Dr. R. pointed out, among other things, that the Government had not yet returned the cash it took from her.  Several days after Dr. R. filed her Opposition, the FBI sent her a letter saying it intends to return cash to her.  The Government also submitted a declaration purporting to say, for the first time, that it had searched for Dr. R.'s missing coins and has not found them.  The Government's August 2, 2021, Reply in support of its Motion to Dismiss now says that this post-Opposition letter and the new declaration regarding the supposed search should be the basis of the dismissal. Dr. R. seeks an opportunity to respond to these new (purported) facts and new arguments.

The new arguments and evidence are properly addressed by the filing of a surreply; Plaintiff thus respectfully requests leave to file the Surreply attached hereto as Exhibit A and the accompanying Declaration of Nicole R. Van Dyk attached hereto as Exhibit B.

### II.   LEGAL STANDARD

The Court has discretion to permit the filing of a surreply.  *See* C.D. Cal. L.R. 7-10; *Chow v. Neutrogena Corp.*, No. CV 12-04624 R(JCx), 2013 WL 5629777, at *1 (C.D. Cal. Jan. 22, 2013).  Such leave is warranted where, as here, the Government raises for the first time in its reply new arguments and new purported facts.  *See United States v. Venture One Mortg. Corp.*, No. 13-CV-1872 W (JLB), 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015) (leave to file a surreply should be granted "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.").  Leave also is warranted in cases such as this one where the evidence and arguments presented in the surreply "give a more complete picture of the issues in need of resolution." *Tounget v. Valley-Wide Recreation & Park Dist.*, No. EDCV 16-88 JGB (KKX), 2020 WL

8410456, at *2 (C.D. Cal. Feb. 20, 2020); *see also Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-cv-02024-RMW, 2016 WL 393227, at *2 (N.D. Cal. Feb. 2, 2016) (granting leave to file surreply because it "helped to crystalize the disputed issues").

## III.   ARGUMENT

Plaintiff should be afforded an opportunity to respond to the Government's new arguments and evidence raised in its Reply.  "[W]hen a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence."  *Jordan v. Terhune*, No. CIV S-03-1820-LKK, 2009 WL 276764, at *3 (E.D. Cal. Feb. 5, 2009) (citing *El Pollo Loco. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003)); *see also Whitaker v. Alo, LLC*, No. 219-cv-03312-RGK, 2020 WL 1972578, at *3 (C.D. Cal. Mar. 17, 2020) (permitting surreply where other party raised a new argument in reply); *VNUS Med. Techs., Inc. v. Diomed Holdings, Inc.*, No. C-05-2972MMC, 2007 WL 3096589, at *1 (N.D. Cal. Oct. 22, 2007) (deferring ruling on motion "in order to afford plaintiff the opportunity to file a surreply to respond to an argument raised for the first time in defendants' reply.").

Here, the Government makes three new arguments and relies on new evidence.  *First*, the Government argues that Movant's action should be dismissed because the Government now says it intends to return cash to Dr. R., based on a July 28, 2021, letter it sent to Dr. R.'s counsel.  Dkt. 23 (Reply) at 4.  The Government did not argue this in its Motion to Dismiss because this "fact" *did not exist* until the Government "*created* it" by sending the letter after Dr. R. filed her Opposition.  And importantly, Movant must make clear to the Court that she does *not* concede that the amount the Government now has stated it intends to return to her is equal to the amount of currency she held in her safe deposit box.

*Second*, the Government now tries to claim that it is undisputed that the Government does not possess the 40 gold coins she held in her safe deposit box and that the Government has failed to return to her.  This is not true—Dr. R. does not

agree that the Government does not have the coins or that the Government ever told Dr. R. or her counsel that it does not have the missing coins.

*Third*, the Government now argues that it searched for and was unable to find any missing gold coins. *Id.* at 2. The Government attaches a declaration from an FBI agent, who asserts vaguely and without foundation that "[t]he FBI has searched for missing gold coins and has not located any missing coins." *Id.* at 9. This proffered declaration is inadmissible but it also represents newly offered evidence in a reply brief, which Dr. R. seeks the opportunity to address.

The Government's new arguments and purported evidence in support of them are inconsistent with the Government's prior representations to Dr. R. and this Court. Dr. R. should have an opportunity to respond. *Whitaker*, 2020 WL 1972578, at *3; *Jordan*, 2009 WL 276764, at *3; *VNUS Med. Techs.,* 2007 WL 3096589, at *1.

## IV.   CONCLUSION

Dr. Linda R. respectfully requests that the Court grant her *ex parte* application for leave to file a surreply in opposition to the Government's Motion to Dismiss, and permit Movant to file the Surreply and Declaration attached hereto as Exhibits A and B, respectively.

DATED: August 4, 2021

Benjamin N. Gluck
Nicole R. Van Dyk
Naomi S. Solomon
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: _____/s/ Benjamin N. Gluck_____
Benjamin N. Gluck
Attorneys for Movant Dr. Linda R.