# EXHIBIT A

Benjamin N. Gluck - State Bar No. 203997
   bgluck@birdmarella.com
Nicole R. Van Dyk - State Bar No. 261646
   nvandyk@birdmarella.com
Naomi S. Solomon - State Bar No. 321357
   nsolomon@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Movant Dr. Linda R.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SEARCH AND SEIZURE OF BOX NO. 8309 AT U.S. PRIVATE VAULTS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 2:21-cv-3554 RGK (MAR)<br><br>**DR. LINDA R.'S SURREPLY IN OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS**<br><br>*[Filed concurrently with Declaration of Nicole R. Van Dyk]*<br><br>Date: Aug. 16, 2021<br>Time: 9:00 a.m.<br>Crtrm.: 850<br><br>Assigned to Hon. R. Gary Klausner |

3738742.4

## I.   INTRODUCTION

Movant Dr. Linda R. files this surreply to (1) address a new argument the Government raises in its Reply based on a new "fact" the Government created only *after* Dr. R. filed her opposition to the Motion to Dismiss, (2) advise the Court that Dr. R. does *not* concede that the amount of currency the Government has now stated it intends to return to Dr. R. is an accurate accounting of the amount of currency she held in her safe deposit box, (3) correct a factual misstatement in the Government's Reply that goes to the heart of Dr. R.'s action seeking the return of her property; and (4) object to the declaration the Government attaches to its Reply.

## II.   ARGUMENT

### A.   The Government's New Fact, Created *After* Dr. Linda R. Filed Her Opposition

The Government states in its Reply that it intends to return to Dr. R. the value of the currency she held in her safe deposit box, and will move forward with a transfer of funds, which should take three weeks, when it receives Dr. R.'s banking information. Dkt. 23 (Reply) at 4. The Government admits that it only notified counsel for Dr. R. of this on July 28, 2021, *i.e.*, a few days before the Government filed its Reply and only *after* Dr. R. filed her opposition to the Government's Motion to Dismiss. *Id*. In other words, the Government created a "fact" to support a new argument in its Reply and now asks the Court to dismiss on that basis.

If the Government intended to return Dr. R.'s possessions all along, it is a wonder that it took so long for them to send her this letter. Dr. R.'s possessions were seized on March 22, 2021. After receiving letters from her counsel seeking return of all of her property, the Government agreed to meet with Dr. R. in her home on April 21, where agents returned *some* of her property it had seized—but did not return her currency and did not return approximately 40 gold coins valued at approximately $75,000 that she held in her safe deposit box. *See* Dkt. 13-2 (Declaration of Nicole Van Dyk in support of First Am. Compl.) ¶¶ 6-10. Now,

only after Linda R. filed this action and then opposed the Government's Motion to Dismiss her First Amended Complaint, did the Government send her a letter saying it plans to return some amount of cash it seized from her. (Declaration of Nicole R. Van Dyk ("Van Dyk Decl.") ¶ 2, Ex. A.)

The Government's reliance on the July 28 letter is misplaced. First, there is simply no doctrine that says a case should be dismissed under Rule 12 because a defendant says it intends to voluntarily comply sometime in the future. A letter regarding future intent does nothing to change the fact that Dr. R. states a claim *today*.[1]

Put another way, in its Motion, the Government claimed the Court should not exercise equitable jurisdiction because Dr. R. has an adequate remedy at law (she does not). Now, the Government asks the Court to create a brand new doctrine that deprives the Court of jurisdiction when a party—after stonewalling for four months—suddenly says, in a Reply brief, "don't worry, I plan to send you some money in about a month." The Court should reject the Government's newly-offered argument that a defendant can deprive a federal Court of jurisdiction by declaring "a check is in the mail."

    **B.    Dr. Linda R. Does Not Concede That The Amount of Currency The Government Intends To Transfer To Her Is The Amount That Was She Held In Her Safe Deposit Box**

In addition to the problem that the promised payment has not happened yet, the Government also ignores the nature of the dispute here. Dr. R. seeks the return of all of her property as well as information about the seizure.

Without explanation, the Government's July 28 notification states a sum that the Government now asserts it will transfer to Dr. R. (Van Dyk Decl. ¶ 2, Ex. A.) Dr. R. does *not* concede that the amount the Government lists in that notification

---

[1] Indeed, the Government's track record of stonewalling Dr. R. does not inspire confidence in the quality of this supposed future compliance.

includes all of currency she held in her safe deposit box.  Dr. R. has not yet been provided any inventory records reflecting the amount of cash the Government seized from her box that would allow her to verify that the sum set forth in the July 28 letter is the full amount of cash seized by the Government.  This underscores the importance that Dr. R. be permitted to continue to litigate her case in which she seeks, in addition to the return of all of her personal property, all documentation regarding the seizure of her property.  *See* Dkt. No. 13 (First Am. Compl.) at 29-30 (seeking (a) as yet-unproduced inventories or property receipts for the contents of Box 8309; (b) as-yet unproduced video or photographs or other documents reflecting the contents of Box 8309 and their handling; (c) chain-of-custody or similar documentation related to the contents of Box 8309; and (d) written inventory policies the Government referenced in the affidavits and search warrants for U.S. Private Vaults and/or purported to follow in the handling of Box 8309 and its contents).

This also underscores the irrelevance of the Government's July 28 letter to the dismissal of this lawsuit.  Even if the Government already had returned to Dr. R. the amount of cash referred to in its July 28 letter, Dr. R.'s request for the return of *all* of her property as well as all of the documentation remains viable.

**C.     The Government's New Argument That It Informed Dr. R. That It Does Not Have Her Missing Coins is False**

The Government claims in its Reply that it informed Dr. R. that the Government does not have the coins she reported missing on April 21, 2021.  This is not true.  In fact, the two FBI agents who met with Dr. R. and her counsel on April 21 stated only that they did not know anything about the coins and would try to look for them.  Dkt. 13 at 6; Dkt. 13-2 ¶ 10.  The agents assured Dr. Linda R. and her

counsel that the inventory of the search of Dr. R.'s box was well-documented, and they made a note of the missing coins on Dr. R.'s property receipt. *Id.*

Then, on May 3, 2021, after refusing to respond to counsel's letters regarding the missing coins, and after Dr. R. was forced to file this action, AUSA Andrew Brown provided two video files he claimed constituted a "video inventory" showing that all Dr. R.'s coins were returned. *Id.* ¶ 15. Counsel reviewed the files the same day and discovered that the videos are wholly inadequate to show anything of the sort because the Government did not record, and the videos do not display, all the contents of Dr. R's box—much less display them in a manner sufficient to document specific quantities or types of valuable items. Dkt. 16 (Declaration of Benjamin Gluck in support of First Am. Compl.) ¶ 3. Instead, given the chaotic manner in which Dr. R.'s box was opened and emptied, it is no surprise that items were not returned. *Id.* Counsel for Dr. R. communicated this to Mr. Brown and requested additional documentation related to the seizure and "inventorying" of Dr. R.'s possessions. (Van Dyk Decl. ¶ 3, Ex. B.) Mr. Brown never responded. (*Id.*) Dr. R. thus was forced to file an amended complaint. Dkt. 13.

In sum, contrary to the Government's representation in its Reply, the Government never communicated to Dr. R. or her counsel that it does not possess the missing coins. Moreover, Dr. R. is not required to—and would not—accept any such representations as accurate even if they were made. This is why she has asked the Government for the inventory information.[2]

**D. The Murray Declaration's Statement Regarding Efforts To Locate The Missing Coins Is Late, Vague, And Lacks Foundation**

In support of its Reply, the Government attaches a declaration from Supervisory Special Agent Jessie Murray ("Murray Decl."). Dkt. 23 at 9. Agent

---

[2] It is indeed curious that the Government has stonewalled on the inventory information. Dr. R.'s Opposition caused the government to immediately send a letter promising to return a fairly substantial amount of cash. It would have seemed

Murray states "[t]he FBI has searched for missing gold coins and has not located any missing coins." *Id.* ¶ 6. This statement lacks foundation and is vague. Fed. R. Evid. 602. Agent Murray offers no foundation for the testimony regarding a search for missing gold coins—the declaration does not assert that Agent Murray was present during any search or oversaw any such search efforts. Nor does Agent Murray provide any details about a search. For example, was this a search for "missing gold coins" in the abstract or were agents looking only for Dr. R.'s coins? Did searching agents review all relevant documents, photographs, videos, and interview all agents involved in the seizure and purported inventorying of Dr. R.'s possessions? Moreover, while wholly unclear from the declaration, to the extent Agent Murray's testimony is based on statements by other law enforcement officers, it is barred by the rule against hearsay. Fed. R. Evid. 802.

Dr. R. objects to any reliance on this late-filed declaration.[3]

## III.   CONCLUSION

The Government has not claimed Dr. Linda R. did anything wrong. The Government makes no assertion that Dr. R. is not the lawful owner of the property the Government seized from her in March without explanation. The Government admits that it has not returned all of her property and does not claim that it has given her the requested inventory information. The eleventh-hour letter asserting the Government's intent to return some amount of cash at some point in the future does not change things. Nor does the Government's new claim that it "said" it does not have the missing coins change anything (the Government did not in fact

---

even easier to send the inventory information she requested. The Government's refusal to do so suggests that Dr. R. is correct in not relying on the Government's July 28 letter as to the amount of cash that was in the box.

[3]   To the extent the Court is inclined to give any credence to this issue, Dr. R. requests the opportunity to cross-examine Agent Murray to clarify this supposed search.

communicate this, but even if it had, that would not matter because Movant disputes that the Government does not possess the missing coins).  The Government's motion should be denied.

DATED: August 4, 2021

Benjamin N. Gluck
Nicole R. Van Dyk
Naomi S. Solomon
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.


By:  */s/ Benjamin N. Gluck*
　　　　Benjamin N. Gluck
　Attorneys for Dr. Linda R.