TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
        Victor.Rodgers@usdoj.gov
        Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SEARCH AND SEIZURE OF BOX NO. 8309 AT U.S. PRIVATE VAULTS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 2:21-cv-03554-RGK-MAR<br><br>**DEFENDANT UNITED STATES OF AMERICA'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE SURREPLY**<br><br>Date:    August 9, 2021<br>Time:    9:00 a.m.<br>Courtroom: 850, the Honorable<br>        R. Gary Klausner |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Defendant United States of America respectfully submits this opposition to Plaintiff's <u>ex parte</u> application for leave to file a surreply ("Application").

The Application should be denied because the government's declaration and detail in the reply regarding (1) the government's continued efforts to wire currency to Movant and (2) the government's explanation to Movant that it does not possess allegedly missing gold coins are consistent with the allegations in the First Amended Complaint and are in direct response to Plaintiff's opposition. <u>See Edwards v. Toys 'R' US</u>, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007); <u>Terrell v. Contra Costa County</u>, 232 Fed. Appx. 626, 629 n.2 (9th Cir. Apr. 16, 2007) (unpublished).

<u>With respect to the cash</u>:  Movant admits in the FAC that the government has already explained that it is in the process of returning the currency seized from Movant's safe deposit box.   In opposition, Movant argues the Court should exercise equitable jurisdiction despite this admission.  On reply, the government notes that the admission is true—the government has been working to return the currency to Movant, and on July 28, 2021, sent counsel correspondence regarding the transfer of funds within 21 days of receiving the necessary banking information.  (**See Exhibit A to Dkt. 24-2**.)  Movant should not be afforded extraordinary <u>ex parte</u> relief to file a surreply where the government on reply is simply agreeing with her own allegations regarding the currency and providing full context regarding the return of currency.

<u>With respect to the allegedly missing gold coins</u>:  Movant admits in the FAC that federal agents stated they know nothing about missing gold coins and that the United States Attorney's Office produced video files it believes show that the coins stored in the safe deposit box were returned to Movant.  In opposition, Movant claims the government has not taken a position on the status of the alleged gold coins.  In reply, the government has directly responded to this argument and confirmed the allegations in the FAC--the FBI has explained that it does not possess allegedly missing gold coins associated with

Movant's box and thus cannot "return" the alleged 40 gold coins—instead Movant should file a claim for lost or missing property and after exhausting this administrative remedy, file a proper lawsuit that affords the relief she seeks.

Moreover, Movant moves <u>ex parte</u> to file a surreply to argue she "does not concede that the amount of money" the government is trying to transfer is equal to what she held in her safe deposit box.  This only highlights the impropriety of the present Rule 41(g) action.  Like the allegedly missing gold coins, if Movant now believes that the government also lost, misplaced, or stole cash, she should exhaust her administrative remedies and file a tort claim.

For the foregoing reasons, the government respectfully requests that the Application be denied.

Dated: August 5. 2021,	Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

　　　　／s／
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendant
UNITED STATES OF AMERICA