UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03554-RGK-MAR | Date | August 30, 2021 |
|---|---|---|---|
| Title | *Search and Seizure of Box No. 8309 at U.S. Private Vaults v. United States of America* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Jennifer Graciano | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| Not Present | | Not Present | |

**Proceedings:** **(IN CHAMBERS) Order Re: Motion to Dismiss the First Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [DE 18]**

## I.  INTRODUCTION

On May 17, 2021, Linda R. ("Plaintiff") filed a first amended complaint against the United States of America ("Defendant," or "the Government"). ("FAC") (ECF No. 13). Plaintiff styled her FAC as a Motion for return of property and a request for inventories and records pursuant to Rule 41 of the Federal Rules of Criminal Procedure ("Rule 41").

Plaintiff's claim arises from the Government's seizure of Plaintiff's personal property which was located in safe deposit box number 8309 ("Box 8309") on the premises of non-party United States Private Vaults.

Presently before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ("Motion") (ECF No. 18). For the reasons that follow, the Court conditionally **GRANTS** Defendant's Motion.

## II.  FACTUAL BACKGROUND

Plaintiff is a semi-retired octogenarian who lives in the Los Angeles area. Plaintiff invested her retirement savings in a collection of gold and silver coins that she stored in recent years in Box 8309 at the U.S. Private Vaults ("USPV") facility in Beverly Hills, along with cash from a property sale that occurred nearly three decades ago.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03554-RGK-MAR | Date | August 30, 2021 |
|---|---|---|---|
| Title | *Search and Seizure of Box No. 8309 at U.S. Private Vaults v. United States of America* | | |

 From March 22, 2021 through March 26, 2021, federal law enforcement agents acting at the direction of the United States Attorney's Office for the Central District of California conducted a search of USPV and seized every safe deposit box contained in the facility, including Box 8309.

 Immediately after the seizure of her property, Plaintiff contacted the Government, identified herself as the owner of Box 8309, and provided a detailed description of the contents of that box. On April 19, 2021, the Government informed Plaintiff that it would return her property on April 21, 2021.

 On the designated day, Plaintiff met with two FBI agents to obtain the gold and silver coins that the Government had seized from Box 8309. The agents verified Plaintiff's ownership of Box 8309 by testing her UPSV key to open the lock on the door of the box, then provided Plaintiff with the following property receipt for her box, which they represented reflected the information in the inventory completed during the search and seizure at USPV:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03554-RGK-MAR | Date | August 30, 2021 |
|---|---|---|---|
| Title | *Search and Seizure of Box No. 8309 at U.S. Private Vaults v. United States of America* | | |

FD-597 (Rev. 4-13-2015)  Page 1 of 1

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
**Receipt for Property**

Case ID: 272E-LA-███

On (date): 04/21/2021

item(s) listed below were:
☐ Collected/Seized
☐ Received From
☑ Returned To
☐ Released To

(Name) Linda R███

(Street Address) ███

(City) ███

Description of Item(s):
1. Misc. coins
2. Misc. coins
3. Misc. coins
4. Misc. coins
5. Misc. coins
6. Misc. coins
7. Misc. coins
8. Misc. coins
9. Misc. documents
10. Misc. packaging materials
11. Misc. packaging materials

*claim of 2 20-coin tubes of 1oz $50 gold american eagle coins — red tops*
4/21/21 1:52 pm

Received By: ███
Printed Name/Title: ███

Received From: (signature)
Printed Name/Title: Cody Bescript / FBI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03554-RGK-MAR | Date | August 30, 2021 |
|---|---|---|---|
| Title | *Search and Seizure of Box No. 8309 at U.S. Private Vaults v. United States of America* | | |

The receipt describes neither the type nor the amount of coins seized from Box 8309.

In anticipation of meeting with the agents, Plaintiff prepared a detailed list of each type of coin she believed she had in her box at the time it was seized, along with the amount of each type. (Declaration of Nicole R. Van Dyk ¶ 9, ECF No. 13-2). Plaintiff and her counsel referred to that list when they counted the coins returned by the agents, with the agents' assistance, and discovered that at least forty 1 oz. Gold American Eagle coins ("the Eagle Coins"), with an estimated value of about $75,000, were missing.

At the conclusion of the review, the agents amended the property receipt to reflect Plaintiff's claim for the missing coins. They also assured Plaintiff and counsel that the search, seizure, and inventory of her property were well-documented by photographs and video. They conceded that due to the sheer number of boxes at USPV, the agents conducting the process opted to use general, rather than detailed, descriptions in the written inventories as the search continued.

### III. JUDICIAL STANDARD

#### A. 12(b)(1): Dismissal for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction. *Kingman Reef Atoll Investments, L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008).

#### B. Dismissal for Failure to State a Claim Upon Which Relief Can be Granted

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03554-RGK-MAR | Date | August 30, 2021 |
|---|---|---|---|
| Title | *Search and Seizure of Box No. 8309 at U.S. Private Vaults v. United States of America* | | |

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV.   DISCUSSION

Although the Government maintains that it does not possess the Eagle Coins, the Government does not dispute that Plaintiff is entitled to the return of all property that was seized from Box 8309 and asserts that it has returned, or arranged to return, all of the property seized from the box. Specifically, the Government avers that it has returned the gold and silver coins that were stored in Box 8309, and that "[w]ith respect to the cash stored in the box, the Government has informed [Plaintiff] that funds equivalent to the cash seized (plus interest) will be wired to her designated bank account" approximately 21 days after the FBI receives Plaintiff's bank account information. (Reply at 1, ECF No. 23). Accordingly, in light of the Government's non-opposition to Plaintiff's request for return of property, the Court **ORDERS** the Government to return to Plaintiff all property that was seized from Box 8309.[1]

---

[1]   The Court notes that if the Government does not possess the Eagle Coins, for whatever reason, Plaintiff lacks standing to obtain relief for the loss of her coins via her Rule 41(g) Motion. Rule 41(g) "provides a mechanism by which any person may seek to recover property seized by federal agents. The Rule states that if a motion to return property is granted, 'the court must return the property to the movant.'" *Ordonez v. United States*, 680 F.3d 1135, 1137 (9th Cir. 2012) (quoting Fed. R. Crim. P. 41(g)). But "[n]o matter how compelling the circumstances, because Rule 41(g) contains no express and unequivocal waiver of the [G]overnment's sovereign immunity, money damages are not a permitted form of relief." *Id.* at 1140.

Here, Plaintiff alleges that her Eagle Coins "were misplaced, lost, or worse[.]" (FAC at 13). Whether they were misplaced, lost, or stolen, the Court simply cannot redress Plaintiff's injury via the grant of a Rule 41(g) motion by ordering the Government to fork over property that is not in the Government's possession. *See Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) ("[T]he government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)."). Accordingly, if the Eagle Coins are "misplaced, lost, or worse," *i.e.*, not in the Government's possession, Plaintiff lacks standing to obtain redress for her alleged injury via a motion for return of property under Rule 41(g).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03554-RGK-MAR | Date | August 30, 2021 |
|---|---|---|---|
| Title | *Search and Seizure of Box No. 8309 at U.S. Private Vaults v. United States of America* | | |

With regard to the cash that the Government seized from Box 8309, the Government has agreed to deposit funds equivalent to the seized cash (plus interest) in Plaintiff's bank account. After the Government deposits funds equivalent to the seized cash in Plaintiff's bank account and returns all other property to Plaintiff, Plaintiff will lack standing because there will be no injury left for the Court to redress. Accordingly, the Court will **DISMISS** Plaintiff's claim for return of property upon completion of three conditions: (1) within seven days of the issuance of this order, the Government shall return all property seized from Box 8309 that is still in the Government's possession to Plaintiff; (2) within seven days of the issuance of this order, Plaintiff shall provide the Government with her bank account information so that the Government may deposit funds equivalent to the seized cash (plus interest) in Plaintiff's bank account, and; (3) no more than seven days thereafter, the Government shall initiate the transfer of funds to Plaintiff's designated bank account.

### V.     CONCLUSION

In accordance with the foregoing, the Court conditionally **DISMISSES** Plaintiff's claim for return of property, and **STAYS** the dismissal of this case for fourteen days.[2]

**IT IS SO ORDERED.**

:

Initials of Preparer

---

[2]     Plaintiff also requests that the Court exercise its equitable authority to order the Government to "provide her with all records reflecting how Box 8309 and its contents were searched, seized, and handled, including all inventories, all other records of these processes, all chain-of-custody documentation, and all written protocols that the Government purportedly followed." (FAC at 8). The Court declines to do so.